UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | No. 2: 17-cv-2667 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 17, 2018, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 48.) On July 20, 2018, the undersigned granted plaintiff thirty days to file the amended complaint. (ECF No. 63.) On August 2, 2018, plaintiff filed a first amended complaint. (ECF No. 65.) On August 3, 2018, plaintiff filed a second amended complaint. (ECF No. 66.) Accordingly, the undersigned herein screens the second amended complaint. For the reasons stated herein, the undersigned recommends that this action be dismissed.

Named as defendants are Los Angeles County Superior Court Judge Knupp and the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleges that he was not given a criminal trial for Los Angeles County case number AO88677. Plaintiff alleges that he has been illegally incarcerated since 2005. As relief, plaintiff seeks money damages and a jury

1

trial for the criminal charges alleged in case number AO88677.

In the original complaint, plaintiff raised the same claims he now raises in the second amended complaint. In the original complaint, plaintiff named as defendants Los Angeles County Superior Court Judge Ravis and CDCR. Plaintiff also appeared to challenge conditions of confinement at the California Medical Facility ("CMF"). In the order filed May 17, 2018, the undersigned found that plaintiff's claims for damages regarding his criminal conviction and conditions at CMF were improperly joined. (ECF No. 48.) The undersigned found that plaintiff's claims for damages regarding his Los Angeles County conviction should be raised in a civil rights action filed in the United States District Court for the Central District. (Id.) The undersigned granted plaintiff leave to amend with respect to his claims challenging conditions at CMF. (Id.)

On May 17, 2018, the undersigned separately recommended that plaintiff's claims for damages regarding his criminal conviction be dismissed as improperly joined with the claims regarding conditions at CMF. (ECF No. 50.) The undersigned also recommended dismissal of the claims against CDCR on grounds that they were barred by the Eleventh Amendment. (Id.) Finally, the undersigned recommended that plaintiff's request for release from prison, based on the allegedly invalid Los Angeles County conviction, be dismissed as not properly brought in a civil rights action. (Id.) On June 21, 2018, the Honorable Morrison C. England adopted these findings and recommendations. (ECF No. 54.)

Plaintiff's second amended complaint appears to raise no claims challenging conditions at CMF. Instead, plaintiff challenges only his Los Angeles County conviction. While plaintiff's failure to challenge conditions at CMF may cure the joinder problem, venue is not proper.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff's claim for damages against a Los Angeles County Superior Court Judge should be raised in a civil rights action filed in the Central District. Plaintiff's claim against defendant CDCR, raised in the second amended complaint, is still barred by the Eleventh Amendment. In addition, plaintiff's request for a jury trial regarding Los Angeles County case number AO88677 is not properly brought in a civil rights action. Rather, plaintiff's claim challenging the validity of his conviction in case number AO88677 should be raised in a habeas corpus petition filed in the Central District.

The undersigned recommends dismissal of this action, rather than transferring it to the Central District, for the following reasons. Plaintiff originally filed this action in the United States District Court for the Northern District of California. On December 15, 2017, the Northern District transferred this action to the Central District, finding that plaintiff sought money damages in connection with a Los Angeles County conviction. (ECF No. 17.) On December 21, 2017, the Central District transferred this action to the instant court, finding that plaintiff challenged conditions of confinement at CMF. (ECF No. 20.) In a footnote, the Central District observed that to the extent plaintiff wished to pursue a habeas case challenging his conviction for mayhem and assault in Los Angeles County Superior Court, i.e., case number AO88677, plaintiff had already filed such a case in the Central District which was dismissed with prejudice on December 4, 2017. (Id.) Based on this record, it does not make sense to transfer this action back to the Central District.

Finally, the undersigned observes that attached to the second amended complaint is a letter, dated May 18, 2018, from the CDCR Division of Adult Institutions Legal Processing Unit addressed to Los Angeles County Superior Court Judge Brown. (ECF No. 66 at 10.) This letter concerns plaintiff and case no. AO88677. (Id.) This letter states that a review of documents indicates that the abstract of judgment and/or minute order may be in error or incomplete for the following reasons. (Id.)

////

////

3

> The amended abstract of judgment reflects Count 1, PC203 Mayhem with the Indeterminate term of Life with the possibility of parole. The amended minute order reflects Count 1, PC § 203, Mayhem with a determinate term of 16 years imposed pursuant to PC § 667(b)-(i) or 1170.12. The sentencing triad for this offense when doubled is 4 years, 8 years, or 16 years.

(Id.)

The letter goes on to ask Judge Brown to review the file to determine if correction is required. (Id.)

To the extent plaintiff is seeking money damages regarding an alleged sentencing error by a Los Angeles County Superior Court judge, this claim should be raised in a civil rights action filed in the United States District Court for the Central District. 28 U.S.C. § 1391(b).

Habeas corpus petitions challenging the execution of sentences are properly brought in the district where the petitioner is incarcerated. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 (1973) (holding a Kentucky district court had jurisdiction over an Alabama prisoner's habeas petition challenging a Kentucky indictment). Cf. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989) (deciding a Washington district court lacked personal jurisdiction over a petition filed by a prisoner incarcerated in Illinois because the petition was not challenging the validity of his Washington conviction but only the execution of his sentence).

Plaintiff's claim regarding the alleged error in the abstract of judgment challenges the execution of his sentence. Plaintiff is incarcerated at CMF, which is located in this district. Thus, to the extent plaintiff challenges the alleged sentencing error, such a claim may be raised in a habeas corpus petition filed in this court.

Plaintiff has also filed a motion for appointment of counsel. (ECF No. 58.) Because the undersigned recommends dismissal of this action, the motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 58) is denied;

////

////

4

| | |
|---|---|
| 1 | IT IS HEREBY RECOMMENDED that this action be dismissed. |
| 2 | These findings and recommendations are submitted to the United States District Judge |
| 3 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days |
| 4 | after being served with these findings and recommendations, plaintiff may file written objections |
| 5 | with the court and serve a copy on all parties.  Such a document should be captioned |
| 6 | "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that |
| 7 | failure to file objections within the specified time may waive the right to appeal the District |
| 8 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 9 | Dated:  September 7, 2018 |
| 10 | |
| 11 | KENDALL J. NEWMAN<br>UNITED STATES MAGISTRATE JUDGE |
| 12 | |
| 13 | |
| 14 | Mill2667.56 |